FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 10 2011

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

BANK OF THE OZARKS                                                        PLAINTIFF

v.                                    CASE NO. 4:11-CV-334 BRW

CHIRON EQUITIES, LLC; KYLE TAUCH;
and LOWERY WALTER McNEIL                                                  DEFENDANTS

### FIRST AMENDED COMPLAINT

COMES the plaintiff Bank of the Ozarks ("Bank"), by its undersigned counsel, and for its cause of action against Chiron Equities, LLC., and Kyle Tauch, and states:

1. Bank is an Arkansas banking corporation with its principal place of business in Pulaski County, Arkansas.

2. Upon information and belief, defendant Chiron Equities, LLC ("Chiron") is a Delaware Limited Liability Company that is not registered to do business in Arkansas and maintains no registered agent in Arkansas. Upon information and belief, Kyle Tauch is a citizen and resident of Houston, TX. Chiron and Kyle Tauch have been properly served with process. This First Amended Complaint adds a new defendant, Lower Walter McNeil. Upon information and belief, McNeil is a citizen and resident of Kerrville, Texas. Pursuant to the choice-of-venue clauses contained in the agreements of the parties as set forth herein venue and jurisdiction are proper in this Court. Defendants have sufficient contact with the State of Arkansas for enforcement of the choice-of-venue clause.

### Count I

3. On or about May 28, 2008, Bank and Chiron entered into an Assignment Agreement,

a true and correct copy of which is attached hereto as exhibit "1" and is incorporated herein by reference as if set forth word for word. The Assignment Agreement assigned certain Equipment Finance Agreements to Chiron (see Exhibit A to the Assignment Agreement). In exchange, Chiron executed and delivered to Bank two Promissory Notes payable to Bank (see exhibits B-1 and B-2 to the Assignment Agreement). The obligations of Chiron under the Assignment Agreement were absolutely, unconditionally, and irrevocably guaranteed by Separate Defendant Kyle Tauch pursuant to a Guaranty executed and delivered by him to Bank on May 29, 2008 (see Exhibit C-1 to the Assignment Agreement).

4. One of the Promissory Notes referenced above in the original principal amount of $141,000 (Exhibit B-1 to the Assignment Agreement) has been modified four times. Those note modifications are attached hereto as exhibit "2", exhibit "3", exhibit "4", and exhibit "5" respectively and are incorporated herein by reference as if set forth word for word.

5. Bank has fully performed its obligations under the Assignment Agreement. See the Assignment attached hereto as exhibit "6".

6. Chiron and Kyle Tauch have failed to fulfill their obligations under the Assignment Agreement, Promissory Notes, and Guaranty in that they have failed to make the payments when due. As a result of said default, and according to the terms of the Assignment Agreement and the Promissory Notes, plaintiff hereby declares all unpaid payments to be immediately due and payable. Bank reserves the right to enforce its other remedies either under contract or at law or equity, to include foreclosing on the collateral securing the obligations of Chiron under the Assignment Agreement and Promissory Notes.

8. By reason of the previously referred to breach of the Assignment Agreement,

Promissory Notes and Guaranty, there is now due and owing from defendants Chiron and Kyle Tauch, jointly and severally, to the Bank under the terms of the Assignment Agreement, Promissory Notes and guaranties, $423,148.54 plus interest from the date of default until paid in full, costs, and attorney's fees.

### Count II

10. Bank restates and realleges paragraphs 1 through 9 of this First Amended Complaint.

11. Congress Materials LLC ("Congress"), who is not a party to this proceeding due to its pending Chapter 11 bankruptcy case, executed and delivered three Equipment Finance Agreements to Bank designated as contract numbers 090.2, 090.3, and 090.5, whereby they agreed to make certain payments to Bank. Copies of those Equipment Finance Agreements are attached hereto as exhibit 7, exhibit 8, and exhibit 9 respectively. Each of those Equipment Finance Agreements contain a Guaranty signed by Kyle Tauch whereby he absolutely, unconditionally, and irrevocably guaranteed the obligations of Congress pursuant to the Equipment Finance Agreements.

12 Each of the above referenced Equipment Finance Agreements were modified by a Contract Modification Agreement dated April 2010, a true and correct copy of which is attached hereto as exhibit 10 and which is incorporated herein by reference as if set forth word for word. Said Contract Modification Agreement was also executed by Kyle Tauch.

13 Each of the above referenced Equipment Finance Agreements were modified by a Second Contract Modification Agreement dated September 2010, a true and correct copy of which is attached hereto as exhibit 11 and which is incorporated herein by reference as if set forth word for word. Said Contract Modification Agreement was also executed by Kyle Tauch.

14 Bank has fully performed its obligations under the Equipment Finance Agreements

and modifications thereto referenced above.

15    Congress and Kyle Tauch have failed to fulfill their obligations under the Equipment Finance Agreements, modifications thereto, and Guaranties set forth above in that they have failed to make the payments when due. As a result of said default, and according to the terms of the above agreements, plaintiff hereby declares all unpaid payments to be immediately due and payable. Bank reserves the right to enforce its other remedies either under contract or at law or equity, to include foreclosing on the collateral securing the obligations of Congress under the above referenced agreements

16    By reason of the previously referred to breach of the Guaranties, there is now due and owing from defendant Kyle Tauch to the Bank $136,621.90 plus interest from the date of default until paid in full, costs, and attorney's fees.

### Count III

17.    Bank restates and realleges paragraphs 1 through 16 of this First Amended Complaint.

18.    In the Assignment Agreement attached hereto as Exhibit 1, Chiron gave Bank a security interest in the Equipment Finance Agreements that were assigned to Chiron. Bank of the Ozarks has possession of those Equipment Finance Agreements. Moreover, the Assignment Agreement states that all amounts due with respect to the Equipment Finance Agreements shall be payable exclusively to Bank of the Ozarks.

19.    Pursuant to clause 1.4 of the Assignment Agreement, Bank has a security interest in the underlying Equipment Finance Agreements that were assigned to Chiron. Because Chiron has defaulted on its payment obligations to Bank, Bank is entitled to all the rights of Chiron as the owner and holder of the Equipment Finance Agreements. Accordingly, Bank asks for declaratory judgment

pursuant to Ark. Code Ann. §16-11-104 that it is entitled to all the rights of Chiron as the owner and holder of the Equipment Finance Agreements at issue and is entitled to enforce the Equipment Finance Agreements in its own name. Said rights are conferred to Bank by Ark. Code Ann. §4-9-607(a)(3) and by the Assignment Agreement. Moreover, Bank is entitled to a declaration that all payments made to Chiron under the Equipment Finance Agreements be immediately paid over to Bank of the Ozarks upon their receipt by Chiron and for a full accounting of all payments made or to be made pursuant to the Equipment Finance Agreements.

### Count IV

20. Bank restates and realleges paragraphs 1 through 19 of this Amended Complaint as if set forth word for word.

21. The Equipment Finance Agreements at issue in this matter were personally guaranteed by Lowery Walter McNeil ("McNeil"). Pursuant to clause 1.4 of the Assignment Agreement, Bank has a security interest in the Equipment Finance Agreements that were assigned to Chiron, including all guarantees of the Equipment Finance Agreements. The Assignment Agreement states that all amounts due with respect to the Equipment Finance Agreements shall be payable exclusively to Bank of the Ozarks. Bank has the right to collect all payments owed on the Equipment Finance Agreements and the personal guarantees thereof by McNeil. By letter dated April 11, 2011, Bank made demand upon McNeil pursuant to the guarantees accelerated all amounts due pursuant to the Equipment Finance Agreements. See Exhibit 12. Pursuant to his guarantees of the Equipment Finance Agreements, McNeil owes Bank of the Ozarks the total amount of $420,764.60.

WHEREFORE, Bank of the Ozarks prays for judgment as follows:

a. Against defendants Chiron Equities, LLC and Kyle Tauch, jointly and severally, in the sum of $423,148.54, plus pre-judgment interest thereon, post-judgment interest, its costs, and attorney's fees;

b. Against defendant Kyle Tauch, in the sum of $136,621.90, plus pre-judgment interest thereon, post-judgment interest, its costs, and attorney's fees;

c. Declaratory judgment pursuant to Ark. Code Ann. §16-11-104 that it is entitled to all the rights of Chiron as the owner and holder of the Equipment Finance Agreements at issue and is entitled to enforce the Equipment Finance Agreements in its own name pursuant to Ark. Code Ann. §4-9-607(a)(3) and by the Assignment Agreement. Moreover, Bank prays for a declaration that all payments made to Chiron under the Equipment Finance Agreements be immediately paid over to Bank of the Ozarks upon their receipt by Chiron and for a full accounting of all payments made or to be made pursuant to the Equipment Finance Agreements; and

d. Against McNeil in the amount of $420,764.60 along with pre-judgment interest, post-judgment interest, its costs, and attorney's fees

Respectfully submitted,

EICHENBAUM, LILES & HEISTER, P.A.
124 West Capitol, Suite 1900
Little Rock, Arkansas 72201
501-376-4531; 501-376-8433 Fax

By: /s/ Mitchell L. Berry
Mitchell L. Berry, ABN 99088
*Attorneys for Plaintiff, Bank of the Ozarks*

**CERTIFICATE OF SERVICE**

I do hereby certify that on June 10, 2011 a copy of the foregoing has been duly served by Regular First Class Mail, postage prepaid, for delivery to:

>David W. Sterling
>Cox, Sterling & McClure, PLLC
>8712 Counts Massie Road
>North Little Rock, AR 72113

>/s/ Mitchell L. Berry
>Mitchell L. Berry

G:\MLB\B-o-O 2125\Chiron Equities -91\complaint-1stamend